## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| APRIL WHITE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BED BATH & BEYOND INC., and SYNERGY, INC.<br><br>Defendant. | Case No. 2:07-CV-00891(PGS)(ES)<br><br>**ORDER GRANTING FINAL APPROVAL OF THE SETTLEMENT** |

WHEREAS, Plaintiff April White and Defendant Bed Bath and Beyond, Inc. ("Bed Bath") entered into a Stipulation of Settlement; and

WHEREAS, the Court entered a December 6, 2007 Order (the "Preliminary Approval Order") preliminarily certifying the putative Settlement Class in this Action for settlement purposes under Fed. R. Civ. P. 23(b)(3), ordering individual and publication notice to Settlement Class Members, scheduling a Fairness Hearing for May 28, 2008, and providing Settlement Class Members with an opportunity to object to the proposed settlement; and

WHEREAS, the Court held a Fairness Hearing on May 28, 2008, to determine whether to give final approval to the settlement agreement; and

WHEREAS, the Court is contemporaneously issuing a Judgment that certifies the Settlement Class, approves the Settlement Agreement and dismisses the Settlement Class Members' claims with prejudice;

NOW THEREFORE, based on the submissions of the Parties, on the argument of counsel at the Fairness Hearing, and on this Court's Findings of Fact and Conclusions of Law, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. **Incorporation of Settlement Documents** – This Order Approving Settlement (the "Order") incorporates and makes part hereof:

   a. The Stipulation of Settlement filed with this Court on October 23, 2007, as amended; and

   b. Exhibits B through D to the Stipulation of Settlement.

   c. Amendments to the Stipulation of Settlement filed on February 29, 2008, March 12, 2008, and May 28, 2008;

The Stipulation of Settlement and all exhibits thereto shall be referred to collectively as the "Settlement Agreement."

2. **Jurisdiction** – The Court has personal jurisdiction over all Settlement Class Members (as defined below) and has subject matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the Settlement Agreement, grant final certification of the Settlement Class for settlement purposes and dismiss the Action with prejudice.

3. **Final Settlement Class Certification** – The Settlement Class this Court preliminarily certified as an opt-out Settlement Class is hereby finally certified for settlement purposes under Fed. R. Civ. P. 23(b)(3). The Settlement Class consists of all purchasers during the Class Period of multi-ply sheet sets, pillowcases, down comforters, bedskirts, shams, duvets and down pillows from Bed Bath that were labeled as "plied," "two-ply" or "2-ply." The class period extends from August 1, 2000 to November 9, 2007. The Settlement Class shall not include:

    a. all persons who are officers, agents or directors of Bed Bath or its subsidiaries and corporations related to Bed Bath by shareholdings or other means of control;

    b. Judges of the Court in which the action is pending; and

    c. such persons or entities who submitted valid and timely request for exclusion from the Settlement Class in accordance with the procedures set out in paragraph 12 of the Preliminary Approval Order.

4. **Issue for Certification** – The issue that the Court is deciding on a class-wide basis is whether the terms of the proposed settlement are fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e)(1)(C) and governing law construing that Rule. In making that determination, the Court also has considered – as discussed in paragraph 6 below – whether proper notice of the proposed settlement was given under Fed. R. Civ. 23(c)(2)(B) and 23(e)(1)(B) to the potential Settlement Class and any other relevant persons so that the settlement's terms will have binding effect, as discussed in paragraph 9 below.

5. **Adequacy of Representation** – Plaintiffs and Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Fed. R. Civ. P. 23(a)(4).

6. **Notice** – The Court finds that the distribution of Notice, the publication of the Summary Notice, the distribution of the Claim Form and the notice methodology were all implemented in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order. The Court further finds that the Notice, Summary Notice and Claim Form were simply written and readily understandable, and that the Notice, Summary Notice, Claim Form and notice methodology: (i) constituted the best practicable notice, (ii)

constituted noticed that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and the claims in the Action, their rights to object to the proposed settlement and to appear at the Fairness Hearing, and their right to exclude themselves from the Settlement Class, (iii) were reasonable and constitute due, adequate and sufficient notice to all persons entitled to notice, and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

7. **Additional Notice and Extended Bar Date for E-Purchasers** – Bed Bath shall provide additional notice to the approximately 61,000 persons who placed a product order through Bed Bath & Beyond's website or through a Beyond Store terminal ("E-Purchaser(s)") in accordance with the Third Amendment to the Stipulation of Settlement, filed with this Court on May 28, 2008, and as follows:

(a) Within __7__ days of this Order, Bed Bath shall send an E-mail Notice, substantially in the form described in the Third Amendment to the Stipulation of Settlement, to the last known e-mail address of all E-Purchasers;

(b). Within __15__ days of this Order, Bed Bath shall send a Post-Card Notice substantially in the form described in the Third Amendment to the Stipulation of Settlement, to the last known mailing address of all persons who are E-Purchasers and for whom Bed Bath & Beyond does not have an e-mail address or to whom the E-mail notice described above was returned as undeliverable;

(c) After the notice procedures in paragraphs (a) and (b) above are completed, Bed Bath shall provide a claim form, substantially in the form described in the Third Amendment to the Stipulation of Settlement, to E-Purchasers who request one;

(d) Bed Bath shall accept any claim forms from E-Purchasers or opt-outs submitted by E-Purchasers who are Class Members, that are post-marked within ~~forty~~ Forty-Five (45) ~~(40)~~ days of this Order, including without limitation:

(i) A valid E-Purchaser Claim Form from an E-Purchaser Class Member who previously opted-out of the Settlement; and

(ii) A valid E-Purchaser Claim Form from an E-Purchaser Class Member who previously filed a Proof of Claim but wishes to change his or her election of benefit;

(e) Bed Bath shall maintain the existing link on its website, www.bedbathandbeyond.com, to the settlement website, www.bbbthreadcountsettlement.com, and the telephone settlement hotline for a period of not less than ~~forty-one (41)~~ forty-six (46) days after this Order.

8. **Final Settlement Approval** – The terms and provisions of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the bests interests of, each of the Settling Parties and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law. The Settling Parties and their counsel are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

9. **Plan of Distribution** – The plan of distribution is approved as a fair and reasonable method to distribute the relevant refunds, gift cards, or discount certificates to eligible Settlement Class Members, and the Settling Parties, through the Court-approved Administrator

are directed to implement and administer the plan of distribution in accordance with its terms and provisions.

10. **Binding Effect** – The terms of the Settlement Agreement and of this Order and the accompanying Judgment shall be forever binding on Plaintiff and all Settlement Class Members, as well as their heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates and assigns as to all claims and issues that have or could have been raised in this Action.

11. **Release** – The Release set forth in the Settlement Agreement is expressly incorporated herein in all respects. "Released Claims" include any and all claims or causes of action that were, could have been, or should have been asserted by the named Plaintiff or any member of the Class against a released person, or any of them, based upon or related to Bed Bath's advertising, marketing or sale of the Covered Products, or to the facts, conduct omissions, transactions, occurrences or matters that were alleged in the Action. "Released Persons" means and includes: (a) Bed Bath & Beyond and <u>its successors and assigns, and each of their respective past, present and future</u> employees, assigns, attorneys, agents, officers and directors; (b) all of Bed Bath & Beyond's parents <u>corporations</u>, subsidiaries, <u>divisions and affiliates and all</u> corporations related to Bed Bath & Beyond by shareholdings or other means of control, <u>and each of their respective</u> predecessors and successors, and each of their respective <u>past, present and future</u> employees, assigns, attorneys, agents, officers and directors; (c) the following Bed Bath & Beyond vendors that were involved in the manufacture, sale and/or marketing of multi-ply bed products for Bed Bath & Beyond: E & E Co., Ltd., Synergy, Inc., Britannica Home Fashions, Inc., Wamsutta, Zorlu Corporation, N.I. Teijin Shoji USA Inc., Levinsohn Textile Company, Inc., Welcome Industrial Corporation, and Phoenix Down Corporation, and (d) the parent

corporations, subsidiaries, divisions and affiliates of each released vendor in subparagraph (c) and all corporations related to each released vendor in subparagraph (c), each of their respective predecessors and successors, and each of their respective past, present and future employees, assigns, attorneys, agents officers and directors (the release does not cover potential liability for the manufacture, sale or marketing of multi-ply bed products for someone other than Bed Bath & Beyond). The Release shall be effective as of the Final Settlement Date.

12. **Permanent Injunction** – All Settlement Class Members (and their heirs, executors and administrators, beneficiaries, predecessors, successors, affiliates and assigns), and any person or entity claiming by or through a Settlement Class Member are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding against any or all released persons or order in any jurisdiction entered against any or all released persons that is based upon, arises out of or relates to any Released Claims. All persons or entities are permanently enjoined from organizing any Settlement Class Members for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include claims that are based upon, arise out of or relate to any Released Claims, or by seeking class certification in an pending action) any other lawsuit against any or all released persons that is based upon, arises out of or relates to any Released Claims.

13. **Injunctive Relief** - By order of this Court, for a period of five (5) years commencing with the Effective Date of Settlement, to the extent it knowingly sells multi-ply bed products containing a specific reference to a numerical thread count, Bed Bath will label such

products in accordance with the ASTM Standard for determining thread count in multi-ply bed products.

14. **No Admissions** – Neither this Order and the accompanying Judgment nor the Settlement Agreement, nor any provisions of the Settlement Agreement or any negotiations leading to its execution, nor any other documents referred to in this Order or the accompanying Judgment, nor any action taken to carry out this Order and the Judgment is, may be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action, or other action, or any other judicial, administrative, regulatory or other proceeding, or may be construed as, offered as, received as, used as or deemed to be evidence of an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to Bed Bath, or as a waiver by Bed Bath of any applicable defense.  Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not under any circumstances be construed as, offered as, received as, used as or deemed to be evidence of, an admission or concession as to Bed Bath's denials or defenses and shall not be offered or received in evidence in this Action, any other action, or any other judicial, administrative, regulatory or other proceeding against any Settling Party hereto for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Order, the accompanying Judgment and the Settlement Agreement; *provided however*, that this Order, the accompanying Judgment and the Settlement Agreement may be filed in any action against or by Bed Bath or other released persons to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

15. **Enforcement of Settlement** – Nothing in this Order or the accompanying Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

16. **Attorneys' Fees and Expenses** – Class Counsel are hereby awarded Attorneys' Fees and Expenses for attorneys' fees and related expenses in the amount of $ 290,000 which amount Bed Bath shall pay or cause to be paid in accordance with the terms of the Settlement Agreement. The Court hereby approves Class Counsel's request to pay $ 2,500 to the class representative Plaintiff based upon the effort that the class representative Plaintiff has devoted to this litigation.

17. **No Other Payments** – Paragraph 16 of this Order covers, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Class Counsel or incurred by Plaintiff or Settlement Class Members, or any of them, in connection with or related in any manner to this Action, the settlement of this Action, the administration of the Settlement Agreement and/or the Released Claims except to the extent otherwise specified in this Order and Settlement Agreement. However, this Court is aware Bed Bath and Joe Solo, by and through their respective counsel, have reached an individual, non-class settlement, which is not before this court for approval. Settlement of the *Solo* Litigation is contingent upon a Final Order and Judgment approving the Settlement in this Action. Pursuant to the settlement in the *Solo* Litigation, Bed Bath & Beyond will pay Solo's counsel the sum of one hundred eighty-five thousand dollars ($185,000.00) in attorneys' fees, costs, and expenses, and will pay Solo the sum of two thousand five hundred dollars ($2,500.00). Provided that the Settlement in this Action is granted final approval, the *Solo* Litigation will be marked as settled and closed. This was disclosed in the Stipulation of Settlement, Plaintiff's Memorandum of Law in support of Preliminary Approval, and Plaintiff's Motion for Final Approval. In addition, the fact that the

parties to the *Solo* Litigation reached an individual, non-class settlement, contingent upon final approval of the Settlement, was referenced in the "Are There Other Lawsuits Involved?" section of the E-mail Notice to Class Members. This section also directed Class Members to the Stipulation of Settlement which contained a more detailed description of that settlement.

18. **Modification of the Settlement Agreement** – The parties are hereby authorized, without further approval from the Court, to agree to and adopt reasonable amendments, modifications and expansions of the Settlement Agreement, provided that those amendments, modifications and expansions of the Settlement Agreement are not materially inconsistent with this Order and the accompanying Judgment and do not materially limit the rights of Settlement Class Members under the Settlement Agreement.

19. **Retention of Jurisdiction** – The Court has jurisdiction to enter this Order and the accompanying Judgment. Without in any way affecting the finality of this Order and the accompanying Judgment, the Court expressly retains exclusive and continuing jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement, and of this Order and the accompanying Judgment, and for any other necessary purposes, including, without limitation:

   a. enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Order or the Judgment (including, without limitation, whether a person or entity is nor is not a Settlement Class Member, and whether claims or causes of action allegedly related to this Action are or are not barred by the Judgment or Release);

    b. entering such additional orders as may be necessary or appropriate to protect or effectuate this Order and the Judgment approving the Settlement Agreement, dismissing all claims with prejudice, and permanently enjoining Settlement Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

    c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

20. **Rule 11 Findings** – The Court finds that the Complaint filed by April White against Bed Bath was filed on a good faith basis and in accordance with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information. The Court finds that all Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

21. **Dismissal of Action** – This Action, including all individual claims and Settlement Class claims resolved by this Action, is hereby dismissed with prejudice as to Bed Bath against Plaintiff and all other Settlement Class Members, without fees or costs to any Settling Party except as otherwise provided in this Order and the accompanying Judgment.

22. **Entry of Judgment** – Because the Settlement Agreement resolves all claims as to all parties, Final Judgment is entered as to all parties and all claims in the Action.

ORDERED this 26 day of June, 2008.

                                                        Peter G. Sheridan
                                                        United States District Court Judge